AMBRO, Circuit Judge,
Dissenting.
Mamadu Billo Barrie[5] took part in a strike in Guinea, was detained for a month, bribed his way to freedom (ie., was never officially granted release), and escaped to this country. He applied for asylum, with-bolding of removal, and relief under the Convention Against Torture. The Immigration Judge found him not credible for purposes of his asylum claim and rejected the CAT claim on the ground that there was no evidence that Barrie would be personally at risk of torture upon return home. The BIA affirmed and our Court now denies Barrie’s petition for review. Because I would vacate the adverse credibility determination and the denial of Barrie’s CAT claim, I respectfully dissent.
We can invalidate an adverse credibility finding if any reasonable adjudicator would be compelled to do so. Kaita v. Att’y *176 Gen., 522 F.3d 288, 296 (3d Cir.2008). I believe that is the case here. The IJ found Barrie not credible because he stated in his credible fear interview that he was a “supporter” of a political party, UPR, but before the IJ he submitted documentation showing that he was a member. The IJ characterized this as conflicting testimony but it obviously is not. Most’ formal members of a political party are also supporters, so initially calling oneself a supporter and later a member is not inconsistent. Because there is no indication that Barrie is not in fact a member, the only reasonable conclusion why Barrie called himself a supporter at his credible fear interview is that he did not know the distinction was relevant. Once the Government made it relevant by arguing in effect that supporters are less deserving of asylum than members, Barrie disclosed his membership. There is no evidence that Barrie tried to conceal his membership and no reason why he should want to do so. No reasonable IJ could make an adverse credibility finding on these facts.
I note that Barrie is representing him-, self (although he had help on his brief), has no formal education, and required an interpreter at his hearing. In this context, the attempt by the Government to play word games with him during cross-examination is troubling; the IJ and BIA’s willingness to credit such behavior is more so. Because the BIA affirmed exclusively on the threshold issue of credibility, I would vacate the credibility determination and remand to the BIA to review the IJ’s deter-ruinations regarding the underlying issues of past and future persecution.
I would also vacate the agency’s disposition of Barrie’s CAT claim because the IJ and BIA failed to consider an affidavit of Barrie’s wife.[6] We may remand if the IJ and BIA did not fairly consider material evidence. Myat Thu v. Att’y Gen., 510 F.3d 405, 412 (3d Cir.2007). The IJ rejected Barrie’s CAT claim because “[ajlthough the State Department report clearly establishes that Guinea is known for its human rights violations, [Barrie] has not evidenced that he will be personally at risk of being tortured.” A.R. at 38. But Barrie submitted evidence that he would be personally at risk. The IJ failed to consider the affidavit of Barrie’s wife that she was harassed and molested in her home on several occasions by police trying to find him.[7] A.R. at 176. That affidavit supports Barrie’s claim that, because he was never officially released from detention after the strike, he is subject to arrest and likely torture after he returns.
The 2006 Country Report describes a serious torture problem in Guinea’s justice system. It states that Human Rights Watch has found that “security forces routinely violated the inherent right to life [and] freedom from torture.” A.R. at 151. Given that torture is routine, I believe a showing that the police are actively looking for petitioner, and have harassed and molested his wife in the process, could be enough to show that it is more likely than not that he will be tortured if he returns *177 home. The IJ and BIA erred, I believe, in not considering Barrie’s wife’s affidavit and I would remand for consideration of it.

. Chernoh Taha is the false name on his travel documents.

. Although the BIA affirmed the IJ without saying that it adopted the IJ’s reasoning, I can only conclude that, based on the BIA's failure to provide any CAT analysis, it effectively did so. It is therefore appropriate for this Court to consider the IJ's CAT analysis. See Fiadjoe v. Attorney General, 411 F.3d 135, 152-53 (3d Cir.2005)

. While discussing Barrie’s asylum claim, the IJ mentioned that “Respondent maintained that his wife has since told him that the authorities are after him,’’ but seemed unaware that Barrie's wife had submitted an affidavit corroborating his story. A.R. at 36. In discussing the CAT claim, the IJ did not consider the harassment of Barrie's wife by the police at all.